OPINION JUDGMENT ENTRY
{¶ 1} Appellant, John Myers, and appellee, Melva Myers, were married on December 21, 1991. On October 24, 2002, appellee filed a complaint for divorce.
 {¶ 2} A hearing was held on June 20, 2003. By final entry filed June 26, 2003, the trial court issued the parties a divorce and fashioned a division of property pursuant to an antenuptial agreement. The trial court did not award appellant any spousal support.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court abused its discretion in failing to award appellant spousal support."
 II {¶ 5} "The trial court erred in refusing to require the admission of the original antenuptial agreement where appellant raised a genuine question as to the authenticity of the duplicate proffered to appellee."
 I {¶ 6} Appellant claims the trial court erred in failing to award him spousal support. We disagree.
 {¶ 7} The awarding of spousal support lies in the trial court's sound discretion. Kunkle v. Kunkle (1990),51 Ohio St.3d 64. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 8} In determining spousal support, courts in this state are guided by R.C. 3105.18(C)(1) which states as follows:
 {¶ 9} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 10} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171
[3105.17.1] of the Revised Code;
 {¶ 11} "(b) The relative earning abilities of the parties;
 {¶ 12} "(c) The ages and the physical, mental and emotional conditions of the parties;
 {¶ 13} "(d) The retirement benefits of the parties;
 {¶ 14} "(e) The duration of the marriage;
 {¶ 15} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 16} "(g) The standard of living of the parties established during the marriage;
 {¶ 17} "(h) The relative extent of education of the parties'
 {¶ 18} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 19} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 20} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience, and employment, is in fact, sought;
 {¶ 21} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 22} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 23} "(n) Any other factors that the court expressly finds to be relevant and equitable."
 {¶ 24} In its June 26, 2003 final entry at Conclusion of Law No. 7, the trial court found spousal support was "not appropriate or reasonable." The facts upon which the trial court based its conclusion, Findings of Fact Nos. 5, 6 and 7, are contained in the record. T. at 10, 31. The trial court states it considered all of the factors in R.C. 3105.18(C)(1).
 {¶ 25} After a review of the proceedings, we cannot say the trial court abused its discretion. The parties were married for eleven years. Both are at or near retirement age. Appellant is sixty-five and receives $9,096.00 per year in Social Security. Appellee is fifty-eight and receives an income of $14,436. Although appellant claims to be disabled (three vertebrae in his neck are fused in the front and two are wired in the back), there is no proof that appellant is disabled. T. at 18. He was denied Social Security Disability. T. at 18-19. Appellant last worked in March of 2002 and was laid off because the "season ended." T. at 19. The termination was not due to any health problems. Id.
 {¶ 26} We find the factors of R.C. 3105.18(C)(1), when considered in light of the evidence, mitigate against an award of spousal support. The trial court did not abuse its discretion in denying appellant spousal support.
 {¶ 27} Assignment of Error I is denied.
 II {¶ 28} Appellant claims the trial court erred in permitting a duplicate of the antenuptial agreement to be admitted into evidence. We disagree.
 {¶ 29} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173; Blakemore.
 {¶ 30} Evid.R. 1002 and 1003 are applicable sub judice and state as follows, respectively:
 {¶ 31} "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio.
 {¶ 32} "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."
 {¶ 33} From the testimony, it is undisputed that the subject of the antenuptial agreement, two properties in Alliance, Ohio, was the separate property of appellant. T. at 10-11, 22-23. Appellant challenges the authenticity of the document, Plaintiff's Exhibit 1, because of the number of signatures and the inclusion of sentence 24.[1] T. at 21-22. He never challenged the purpose of the antenuptial agreement or that they both signed it. In fact, he admitted the antenuptial agreement was drafted to thwart any attachment of appellee's separate properties by any of his potential creditors. T. at 22-23.
 {¶ 34} Even if the trial court believed the document was added to, the purpose of the document and the makers' intent were undisputed.
 {¶ 35} We find there was sufficient evidence to disbelieve appellant's claim of alteration and accept appellee's position. We find the trial court gave effect to the spirit of the document as the claimed alterations were not material to the issue of separate property.
 {¶ 36} Assignment of Error II is denied.
 {¶ 37} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed.
[1] Sentence 24 refers to the severability of the agreement.